ROBINSON v. AMERICAN LINSEED CO.

(Circuit Court, S. D. New York. July 12, 1906.)

1. CONTRACTS—CONSTRUCTION—TIME.

At the conclusion of negotiations for the storage of defendant's product for a term of five years, plaintiff submitted an offer to store the same for such period at a rate much less than the lowest rate it had ever previously accepted for storage, which offer was accepted. *Held*, that the acceptance of plaintiff's offer constituted prima facie a contract for storage for five years.

**2. PLEADING—CAUSES OF ACTION—JOINDER—CONTRACT—QUANTUM MERUIT.**

It is no objection to a complaint that it contains a cause of action on contract and on a quantum meruit in the same count, where both are based on the same transaction.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 114.]

**3. CORPORATIONS—FOREIGN CORPORATIONS—CAPACITY TO SUE.**

A foreign corporation may sue in New York on contracts made outside the state, without complying with New York laws, so as to be entitled to do business within the state.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 2524.]

Sur Demurrer.

Cary & Robinson, for plaintiff.

Howland, Murray & Prentice, for defendant.

PLATT, District Judge. On September 22, 1899, the National Storage Company, plaintiff's assignor, entered into a certain instrument with the defendant, the important part of which is as follows:

"Proposal for Warehousing.

\* \* \* \* \* \* \* \* \*

"Chicago, Ills., Sept. 22nd, 1899.

"American Linseed Company, Chicago, Illinois—Dear Sir:

"1. The National Storage Company hereby proposes to issue its storage warrants for a period of five years from date hereof \* \* \* upon personal property consisting in part of flaxseed, oil and oil cake to be stored at \* \* \*.

"2. \* \* \*.

"3. Rates, terms and conditions which shall govern the storage of property or issue of warrants under this proposal are as follows:

"On property valued at five million dollars or less, the charge for the first calendar month or fraction will be $416.66 2-3; for each succeeding month or fraction $416.66 2-3. \* \* \*

"[Many paragraphs follow which do not affect the present contention.]

"National Storage Co., by Walter Tod, Treasurer."

Upon the left-hand lower corner thereof appears:

"Accepted. American Linseed Company,

"G. E. Highley, Secy."

Immediately upon the execution of the above instrument the American Linseed Company began storing in accordance with its terms, and warrants for a large amount were issued, but in about two years it stopped storing, paid for all that was actually stored at the rates specified in the instrument, and refuses to pay any more. The plaintiff sues for the minimum rates under the instrument for five years' storage, alleging that it was ready and willing at all times to accept the property for storage, claiming that the defendant is bound to pay that amount, whether it availed itself of its privileges or not.

It is elementary that in the interpretation of a contract the court will look at all the facts and circumstances which surrounded the contracting parties at the time of its execution. It appears that when the instrument in suit was executed the lowest rate for storage ever accepted by the National Storage Company was five times greater than that fixed in the instrument. Such being the fact about rates, the plaintiff said, "I will store your property for the following rate for

five years." The defendant said, "I accept your offer," and began to take advantage of it. It seems to me that in accepting it the defendant made a contract which covered the time as well as the rate. The rate being so ridiculously low, it is fair to say that it was made so by reason of the length of time for which it was agreed that it should run. At any rate, if there is any doubt that such was the intention of the parties, the uncertainty as to what was accepted ought to be settled by parol.

There is no harm in putting in one count an action on the contract and upon quantum meruit. It is all based on one transaction, and simply states two grounds of recovery, but presents only a single cause of action.

The plaintiff has legal capacity to sue. His assignor made the contract in Illinois, and a foreign corporation can sue in this state upon contracts made outside the state, without complying with local laws, so as to become entitled to do business here.

Let the demurrer in all respects be overruled, with costs.